**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YOVANI ALVAREZ, on behalf of herself and all others similarly situated, | Civil Case Number: |
| Plaintiffs, | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| GENPACT SERVICES LLC, | |
| Defendants. | |

Plaintiff YOVANI ALVAREZ (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, Sirotkin Varacalli & Hamra, LLP, against Defendants GENPACT SERVICES LLC, (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**NATURE OF THE ACTION**

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), which

prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a business entity organized under the laws of New York with a principle place of business located in New York, New York.

8. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

    - All New York consumers who received a collection letter from Defendant attempting to collect an obligation owed to or allegedly owed to Synchrony Bank, that contains the alleged violations arising from Defendant's violation of 15 U.S.C. §1692(g) (e), *et seq*.

    - The Class period begins one year to the filing of this Action.

11. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to

hundreds of persons (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.  Whether Defendant violated various provisions of the FDCPA;

    b.  Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of

effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

14. Upon information and belief, within the last year Defendant commenced efforts to collect an alleged consumer "debt" as defined by 15 U.S.C. 1692a(5), when it mailed a Collection Letter to Plaintiff seeking to collect an alleged past due balance allegedly owing to Synchrony Bank.

15. On or about September 1, 2016, Defendant sent Plaintiff a collection letter. *See* Exhibit A.

16. The letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

17. The letter is a "communication" as defined by 15 U.S.C. §1692a(2).

18. Said September 1, 2016 Collection Letter provided that the alleged amount due was $1,733.00.

19. Said September 1, 2016 Collection Letter was the first letter sent out by Defendants.

20. Said September 1, 2016 Collection Letter further stated:

"The total account balance as of the date of this letter is shown above. Your account balance may increase because of interest or other charges, if so provided in your agreement with your creditor."

21. Defendant was attempting to collect on Plaintiff's purportedly overdue Synchrony Bank debt.

22. Defendants could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

23. On information and belief, Defendants sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the state of New York within one year of the date of this Complaint.

## First Count
## 15 U.S.C. §1692g
## Validation of Debts

24. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "23" herein with the same force and effect as if the same were set forth at length herein.

25. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the

information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

26. The written notice must contain the amount of the debt.

27. The written notice must contain the name of the creditor to whom the debt is owed.

28. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

29. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

30. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

31. One such requirement is that the debt collector provide "the amount of debt." 15 U.S.C. 1692(a)(1).

32. A debt collector has the obligation not just to convey the amount of debt, but to convey such clearly.

33. The letters both set forth a "Balance Due."

34. The letters fail to include any "safe harbor" language concerning the accrual of interest

and/or fees. *Avila v. Riexinger & Associates, LLC,* 817 F.3d 72. 76 (2d Cir. 2016).

35. The letters fail to include the "safe harbor" language concerning the accrual of interest and/or fees as set forth in *Jones v. Midland Funding, LLC,* 755 F. Supp. 2d 393, 398 (D. Conn. 2010), *adhered to on reconsideration,* No. 3:08-CV-802 RNC, 2012 WL 1204716 (D. Conn. Apr.11, 2012).

36. The letters state, "The total account balance as of the date of this letter is shown above. Your account balance may increase because of interest or other charges, if so provided in your agreement with your creditor."

37. The letters fail to advise Plaintiffs that if Plaintiffs pay the balance "as of the date of the letters," an adjustment may be necessary after Defendant receives payment.

38. The letters fails to advise Plaintiffs that Defendant will inform Plaintiffs of the balance difference before depositing payment.

39. The letters fail to advise Plaintiffs what portion of the balance "as of the date of this letter" is principal.

40. The letters fail to advise Plaintiffs what portion of the balance "as of the date of this letter" is interest.

41. The letters fail to advise Plaintiffs what portion of the balance "as of the date of this letter" is late fees.

42. The letters fail to advise Plaintiffs of the interest rate.

43. The letters fail to advise Plaintiffs of the amount of potential late fees.

44. The letters fail to advise Plaintiffs the amount of money the balance "as of the date of this

letter" will increase per day.

45. The letters fail to advise Plaintiffs the amount of money the balance "as of the date of this letter" will increase per week.

46. The letters fail to advise Plaintiffs the amount of money the balance "as of the date of this letter" will increase per month.

47. The letters fail to advise Plaintiffs the amount of money the balance "as of the date of this letter" will increase in any measurable period.

48. The letters, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

49. Because Defendant state the balance "as of the date of this letter" "may" increase, the least sophisticated consumer could also reasonably believe that the debt could be satisfied by remitting the balance at any time after the receipt of the letter.

50. Because Defendant state the balance "as of the date of this letter" "may" increase, the least sophisticated consumer could also reasonably believe that the balance was accurate only on the date of the letter because of the continued accumulation of interest and/or late fees.

51. If the interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the applicable interest rate, or date of accrual.

52. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fail to indicate the amount of applicable and/or possible late fees.

53. Furthermore, no additional fees or interest is currently accruing on this account.

54. For these reasons, Defendant failed to clearly state the amount of the debts.

55. For these reasons, Defendant failed to unambiguously state the amount of the debts.

56. For these reasons, the letters would likely make the least sophisticated consumer uncertain as to the amount of the debt.

57. For these reasons, the letters would likely make the least sophisticated consumer confused as to the amount of the debt.

58. Defendant violated 15 U.S.C. § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of debt.

**Second Count**
**15 U.S.C. §1692e** *et seq.*
**False or Misleading Representations**

59. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "57" herein with the same force and effect as if the same were set forth at length herein.

60. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

61. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

62. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

63. As previously alleged, the least sophisticated consumer could reasonably read the letters to mean that the balance "as of the date of the letter" was static.

64. As previously alleged, the least sophisticated consumer could also reasonably read the letters to mean that the balance "as of the date of the letter" was dynamic due to the continued accumulation of interest.

65. As previously alleged, the least sophisticated consumer could also reasonably read the letters to mean that the balance "as of the date of the letter" was dynamic due to the continued accumulation of late fees.

66. As previously alleged, the least sophisticated consumer could also reasonably read the letter to mean that the account balance may increase because of interest or other charges, when there is no additional interest or other charges being levied on the account.

67. Because the letters are susceptible to an inaccurate reading by the least sophisticated consumer, they are deceptive under 15 U.S.C. § 1692e.

68. Because the letters can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, they are deceptive under 15 U.S.C. § 1692e.

69. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

    (a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the Sirotkin Varacalli & Hamra, LLP, as Class Counsel;

    (b)    Awarding Plaintiff and the Class statutory damages;

    (c)    Awarding Plaintiff and the Class actual damages;

    (d)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

    (e)    Awarding pre-judgment interest and post-judgment interest; and

    (f)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: October 26, 2016

Respectfully submitted,

By: /s/ Abraham Hamra
Abraham Hamra, Esq.
Sirotkin Varacalli & Hamra LLP
110 East 59th Street, Suite 3200
New York, New York 10022
Phone: (646) 590-0571
*Attorney for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

/s/ Abraham Hamra
Abraham Hamra Esq.

Dated: October 26, 2016